**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kelly Ruth MORTENSON,**
**Defendant—Appellant.**

**No. 07–30355.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2008.*

Filed Jan. 5, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcia Kay Hurd, Esquire, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. A jury convicted Kelly Mortenson of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). She appeals her conviction, arguing that the district court erred by allowing the admission of various pieces of unfairly prejudicial evidence. She also appeals her sentence, arguing that the district court failed to consider adequately mitigating factors in her favor.

Various items of evidence demonstrating the pervasiveness of child pornography in the Mortenson home, including stories Kelly had authored that involved sexual encounters with young girls, and binders Kelly helped compile that included photographs of young girls in swimsuits and underwear, were relevant to prove that Kelly knowingly possessed and viewed child pornography

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and was not an unwilling or coerced participant in her husband Shaun's activities. Additionally, assuming without deciding that the district court violated Federal Rule of Evidence 403 by allowing the admission of this evidence, any error was harmless in light of the other overwhelming evidence against Kelly. Specifically, she had stipulated that hundreds of images found in the Mortenson apartment were child pornography. She also admitted authoring stories inspired by child pornographic images and viewing child pornographic images and videos with Shaun. Because of the substantial evidence against Kelly, aside from the evidence she disputes, there is a fair assurance that any error did not materially affect the verdict. *See United States v. Gonzalez–Flores,* 418 F.3d 1093, 1099 (9th Cir.2005).

Kelly asserts the 120–month sentence is unreasonable because the district court did not give adequate weight to the factors in her favor. However, Kelly has not demonstrated how, in light of the totality of the circumstances, the district court abused its discretion. *See United States v. Carty,* 520 F.3d 984, 988 (9th Cir.2008) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). The district court properly considered the Guidelines range, explicitly considered the factors set forth in 18 U.S.C. § 3553(a), and arrived at a reasonable sentence within the Guidelines range. The district court stated on the record that it carefully considered all of the relevant information, including the nature of the offense, the fact that Kelly's small children were surrounded by child pornography, and that Kelly attempted to use the child pornography to blackmail Shaun.

After a thorough explanation, the district court sentenced Kelly within the Guidelines range. Kelly argues that the court did not adequately consider the factors in her favor, such as her lack of criminal background and history of depression. However, that the district did not comment explicitly on each of these issues explicitly does not render the sentence procedurally infirm or substantively unreasonable. Moreover, we "must defer to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *United States v. Ruff,* 535 F.3d 999, 1003 (9th Cir.2008) (internal quotation marks omitted).

Accordingly, we AFFIRM.